IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv193

| | |
|---|---|
| i play. inc., ) | |
| Plaintiff, ) | |
| vs. ) | CONSENT JUDGMENT |
| GREEN SPROUTLETS, LLC, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the consent and joint request of the parties, Plaintiff i play. inc. and Defendant Green Sproutlets, LLC, through their respective counsel, for entry of Judgment; the parties having stipulated to certain findings of fact as set forth in this Judgment, having waived all objection to certain conclusions of law as set forth in this Judgment and having consented to entry of this Judgment and the relief set forth herein; and waiving all rights of appeal from this Judgment, as shown by their signatures below; upon review of the pleadings, the stipulations of the parties and the Court being otherwise fully advised in the premises:

1

Upon the stipulation of the parties, the Court makes the following Findings of Fact:

1. Plaintiff, i play. inc., is a North Carolina corporation with its principal place of business in Asheville, North Carolina.

2. Defendant GREEN SPROUTLETS, LLC is a California limited liability company with its principal place of business in Rowland Heights, California.

3. Plaintiff, i play, inc., is a designer, developer and seller of clothing and products for infants and children marketed by Plaintiff under its registered trademarks I PLAY.® and GREEN SPROUTS®. Many of Plaintiff's products are described on its website iplaybabywear.com, and some products can be ordered through that website. Plaintiff's I PLAY.® and GREEN SPROUTS® products are sold nationwide through retail stores and on-line retailers.

4. Plaintiff applied for federal registration of GREEN SPROUTS as a trademark on February 7, 2007. Since at least as early as October 1,

2007, Plaintiff has used, continues to use, and continues to expand its use of GREEN SPROUTS as a trademark in connection with a variety of products related to infants and children.

5. Plaintiff is the owner of federal registration No. 3,441,687 of GREEN SPROUTS as a trademark on the principal register for "baby bibs not of paper; baby bunting; caps; children's and infants' cloth bibs; children's cloth eating bibs; children's headwear; cloth bibs; cloth diapers; coats; headwear; infant and toddler one piece clothing; infant cloth diapers; infant diaper covers; infant sleepers; infants' shoes and boots; infants' trousers; infantwear; jerseys; pajamas; play suits; sleeping garments; sleepwear; and tops," in international class 25.

6. Plaintiff is the owner of nine other federal registrations on the principal register of GREEN SPROUTS as a trademark for various identified goods in various classes. In particular, Plaintiff is the owner of Registration No. 3,660,560 of GREEN SPROUTS as a trademark for "breast-nursing pads; medicated pre-moistened wipes; and sanitizing wipes," in international class 5; of Registration No. 3,796,834 of GREEN SPROUTS as a trademark for "biodegradable cutlery; biodegradable

cutlery, namely, forks and spoons; and cutlery," in international class 8; of Registration No. 3,668,906 of GREEN SPROUTS as a trademark for "baby bottle accessories, namely, baby bottle nipple hole enlarger; baby bottle nipples; baby bottles; cups adapted for feeding babies and children; detachable handles for baby bottles; infant teethers; nipples for baby bottles; pacifier clips; pacifiers for babies; teething rings; and teething rings incorporating baby rattles," in international class 10; of Registration No. 3,660,561 of GREEN SPROUTS as a trademark for "fitted covers for shopping carts," in international class 12; of Registration No. 3,775,907 of GREEN SPROUTS as a trademark for "baby books; disposable swim pants for children and infants; disposable wipes not impregnated with chemicals or compounds; and paper handtowels," in international class 16; of Registration No. 3,775,906 of GREEN SPROUTS as a trademark for "travel cases," in international class 18; of Registration No. 3,668,907 of GREEN SPROUTS as a trademark for "baby food jar holder; bottles, sold empty; dishes and plates; household containers for foods; household utensils, namely, spatulas; ice cube molds; insulating sleeve holders for beverage cans; neoprene zippered bottle holders; plastic water bottles sold empty;

sports bottles sold empty; and training cups for babies and children," in international class 21; of Registration No. 3,679,042 of GREEN SPROUTS as a trademark for "bath mitts; burp cloths; children's blankets; and washcloths," in international class 24; and of Registration No. 3,660,564 of GREEN SPROUTS as a trademark for "baby multiple activity toys; baby rattles; baby rattles incorporating teething rings; bath toys; dolls; infant development toys; infant toys; play balls and play balloons; stacking toys; and stuffed and plush toys," in international class 28.

7. Plaintiff is the owner of Registration No. 3,791,101 of  as a trademark for "baby bottle accessories, namely, baby bottle nipple hole enlarger; baby bottle nipples; baby bottles; cups adapted for feeding babies and children; component parts of baby bottles, namely, detachable handles; infant teethers; nipples for baby bottles; pacifier clips; pacifiers for babies; teething rings; and teething rings incorporating baby rattles," in international class 10.

8. Plaintiff is also the owner of pending federal application Ser.

No. 77/645,447 for registration of GREEN SPROUTS as a trademark for "electric food steamer" in international class 11.

9. Defendant GREEN SPROUTLETS, LLC, is a web-based retailer of various clothing and other products for infants and children marketed by Defendant to customers throughout the United States through its internet website greensproutlets.com and other online retailers under a GREEN SPROUTLETS mark.

10. Plaintiff alleges that Defendant's use of GREEN SPROUTLETS as a mark is confusingly similar to Plaintiff's GREEN SPROUTS marks.

11. Plaintiff alleges that Defendant's use of GREEN SPROUTLETS as a mark is likely to cause confusion, to cause mistake and to deceive.

12. Plaintiff alleges that Defendant's use of the internet domain name greensproutlets.com to market its products is likely to cause confusion, to cause mistake and to deceive.

13. Plaintiff alleges that Defendant's use of GREEN SPROUTLETS as a mark and use of the greensproutlets.com website in the marketing of its

products have permitted or will permit Defendant to make sales and profits on the strength of Plaintiff's substantial advertising, sales, consumer recognition and goodwill it has built up in its GREEN SPROUTS marks.

14. Plaintiff alleges that, as a direct and proximate result of Defendant's use of GREEN SPROUTLETS as a mark and use of the greensproutlets.com website in the marketing of Defendant's products, Plaintiff has been deprived of the value of its federally registered GREEN SPROUTS marks as an asset.

15. It is expressly understood and agreed by the parties that there is no admission by Defendant of any violation of law, wrongdoing or fault whatsoever; no admission by Defendant of liability to Plaintiff or any third party, and liability or fault for any and all damages is expressly denied.

THE COURT, taking into consideration the foregoing stipulated facts, makes the following Conclusions of Law:

1. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121; 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

2. This Court has jurisdiction over the parties as demonstrated by their signatures below in support of the entry of this Judgment.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that

A. Defendant, and all others in active concert of participation with it, are hereby forever prohibited and enjoined from i) using the GREEN SPROUTLETS mark, or any other designation similar to or likely to cause confusion with Plaintiff's GREEN SPROUTS marks, including as part of any domain name; ii) from applying for or registering the GREEN SPROUTLETS mark, or any other designation similar to or likely to cause confusion with Plaintiff's GREEN SPROUTS marks; and iii) from engaging in any other unfair business practices directed toward obtaining for itself the business and

8

customers of Plaintiff;

B. Defendant shall transfer to Plaintiff for no consideration and without delay ownership of the internet domain name greensproutlets.com and shall take all such steps and provide all such assistance as is necessary to accomplish such transfer of ownership and registration of such internet domain name to the Plaintiff ; and

C. Defendant shall withdraw and/or recall all stock offered for sale which displays the alleged infringing GREEN SPROUTLETS mark. Defendant shall be allowed to sell the remaining recalled stock in the Philippines to customers in the Philippines for use in the Philippines or, upon written consent of the Plaintiff, donate the stock to one or more designated charitable organizations which provide supplies and/or services to needy children to be distributed to needy children outside the United States and its territories. In no event shall the remaining recalled stock be sold online and shipped to customers outside the Philippines.

The Court shall retain jurisdiction over this matter as necessary to enforce the provisions of this order.

9

IT IS SO ORDERED this the 24 day of January, 2012.

_____
MARTIN K. REIDINGER
UNITED STATES DISTRICT COURT JUDGE

The Undersigned Parties, by signatures of their authorized representatives and counsel, stipulate and consent to the Findings of Fact stated above, waive all objection to the Conclusions of Law stated above, consent to the entry of this Judgment and the relief set forth above and waive all rights of appeal from this Judgment.

| i play, inc., by | Green Sproutlets, LLC, by |
|---|---|
| Print Name: Becky Cannon<br>Authorized Representative | Print Name: JENISE TAN<br>Authorized Representative |
| s/ Mark C. Kurdys<br>MARK C. KURDYS<br>N.C. Bar Number: 13374<br>*Attorney for Plaintiff*<br>ROBERTS & STEVENS, P.A<br>P. O. Box 7647<br>Asheville, NC 28802<br>Phone: (828) 252-6600<br>Fax: (828) 253-7300<br>mkurdys@roberts-stevens.com | s/ William A. Bulfer<br>WILLIAM A. BULFER<br>N.C. Bar. No. 31424<br>*Attorney for Defendant*<br>TEAGUE CAMPBELL DENNIS & GORHAM, LLP<br>22 South Pack Square, Suite 800<br>Asheville, NC 28801<br>Telephone:(828)254-4515<br>Facsimile:(828)254-4516 |

| | WBulfer@tcdg.com |
|---|---|
| s/ Steven C. Schnedler<br>STEVEN C. SCHNEDLER<br>Bar Number: 16957<br>*Attorney for Plaintiff*<br>CARTER & SCHNEDLER, P.A.<br>P. O. Box 2985<br>Asheville, NC 28802<br>Phone: (828) 252-6225<br>Fax: (828) 252-6316<br>schnedler@ashevillepatent.com | |